In re TUNNEL STREET IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

EMINENT DOMAIN (§ 90*)—COMPENSATION—NATURE OF INJURY—INCUMBRANCES.

Where the city sought to condemn an easement for a tunnel street extending under appellants' property, and the tunnel would be run at a depth of nearly 200 feet, and could not disturb the surface, owing to the formation of the land, the ·tunnel would not constitute an incumbrance within the statute forbidding insurance companies, trust companies, savings banks, executors, administrators, and trustees to loan on incumbered real estate, and so would not entitle appellants to an award of more damages than the actual physical injury to·their land, on the theory that the easement, would prevent them from mortgaging their property and thus destroy its sale value.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 233; Dec. Dig. § 90.*]

Appeal from Special Term, New York County.

In the matter of the application of the City of New York for the opening and extending of a tunnel street from Broadway to West 191st street and St. Nicholas avenue. From an order confirming the report of the Commissioners of Estimate, the property owners appeal. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Truman H. & George E. Baldwin, of New York City, for appellants. Joel J. Squier, of New York City, for respondent.

SCOTT, J. The property acquired in this proceeding is an easement to construct what is known as a "tunnel street" extending from Broadway to St. Nicholas avenue at or near 190th street in the city of New York. This "tunnel street" runs under a high ·hill composed of rock and at a great depth, so that under appellant's property the tunnel will be approximately 150 feet below the surface. The appellants concede upon the brief, as is quite obvious from the circumstances, that the physical injury to their property will be so slight as to be practically negligible because of the nature of the ground through which the "tunnel street" runs, and of its great depth below the surface. If the physical injury to the property is alone to be considered, it is not claimed that the award objected to is insufficient to cover the damage resulting from any instability of structures to be erected on the surface. In other words, after the "tunnel street" shall have been constructed, the property will be precisely as available for improvement as it is now. The appellant claims, however, that the acquisition of the easement will result in a consequential damage to the property because, as it is claimed, the existence of the "tunnel street" will injuriously interfere with the facility with which the property can be sold and mortgaged. It is asserted, no doubt with truth, that unmortgageable property is unsalable, or not readily salable, because in a city like New York the usual and almost universal means of raising money·

for the improvement of real estate is by mortgaging the property to be improved.

The argument to show that the existence of the easement for the maintenance of a "tunnel street" will impair the mortgageability of the appellant's property runs thus: (1) The statutes of this state forbid insurance companies, trust companies, savings banks, executors, administrators, and trustees to loan on incumbered real estate. (2) An easement is an incumbrance upon the real estate which it affects. Ergo insurance companies, trust companies, savings banks, and persons, having trust funds to invest could not loan on appellants' property, if subject to the easement acquired in this proceeding. The fallacy in this argument lies in the fact that it fails to take account of the nature of the incumbrance contemplated by the Legislature when it prohibited certain corporations and individuals from investing except upon unincumbered real estate. It is certainly not every easement affecting real estate which is to be considered an incumbrance within the prohibition of the statute above referred to. If it were, it would be impossible for the corporations and individuals mentioned to loan upon any building resting upon a party wall. The statutes referred to were passed to prevent the loss of the funds of the specified corporations and individuals in consequence of loans upon unsafe and precarious security, and the incumbrances referred to therein are such as might, in some contingency, subject the property to a claim or lien which would be superior to the lien of the loaner, or might otherwise endanger the security. If the incumbrance is not in the nature of a condition from which a forfeiture may result, or if the easement is not one which affects the title of the owner or reduces the value of his remaining interest in the land, the property cannot be said to be so "incumbered" as to forbid the corporation and persons enumerated to loan upon it. This was the view taken by the Attorney General of this state in a communication addressed to the Superintendent of the Banking Department on January 29, 1891 (see opinions of the Attorney General 1891).

The effect of the improvement contemplated in this proceeding is to take a tunnel through appellants' property 150 feet below the surface. It will not restrict the superficial area of the property, or in any way interfere with its improvement or development. Save for the bore taken for the tunnel, the appellants will own their property as absolutely as they now own it, and the easement acquired by the city cannot, under any conceivable circumstances, ripen, as to the property remaining to the owners, into a lien or claim superior to any mortgage that may be placed upon the property. The appellants' claim for damage, exceeding the award now made to them, impresses us as unsubstantial and fanciful, with no sound basis to rest upon.

The order appealed from must be affirmed, with costs. All concur.