ARTHUR LETTS, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62106.   Promulgated May 25, 1934.

*Thomas R. Dempsey, Esq.*, and *A. Calder Mackay, Esq.*, for the petitioner.

*Elden McFarland, Esq.*, for the respondent.

#### OPINION.

LEECH: This proceeding seeks redetermination of a deficiency of $92,721.18 in income tax determined by respondent for the calendar year 1927.

The respondent confesses error under the following assignments of petitioner: (a) The inclusion of $353,791.74 in ordinary income of petitioner after having included this same amount in computing capital net gain, (b) including in ordinary income $1,756.43 as dividends received and including the same item in computing capital gain, and (c) including $20,491.47 in income subject to normal tax where such income was reported as dividends received. Effect will be given to these admissions of error by respondent in the recomputation of the pending deficiency under Rule 50.

There remain for consideration two issues—(d) the taxability of certain distributions received by petitioner in the taxable year as liquidating dividends upon stock owned by him, and (e) petitioner's taxability upon certain amounts distributed to him as beneficiary of a trust, representing liquidating distributions made in the taxable year to the trustees by a corporation upon stock belonging to the trust.

The facts are stipulated. Briefly stated, in respect to issue (d) they are that petitioner was in the taxable year owner of 101 shares of stock of the Holmby Corporation, having a cost basis in his hands of $5,000. This corporation had been in liquidation since May 18, 1923. All distributions by it to stockholders since that date were made in process of its liquidation. Prior to the calendar year 1927, this corporation had distributed liquidating dividends in the amount

of $2,408.85 to petitioner, and, during the year 1927, distributed to petitioner $10,036.43. Of this latter sum, $1,736.43 was distributed as from corporate earnings and profits, and $8,300 in redemption of 83 shares of petitioner's stock. Petitioner included in his return for that year only the sum of $1,736.43 as ordinary dividends.

Respondent, in determining the deficiency, included the total distribution of $10,036.43 in income, but now admits that this is in error and that the taxable gain to petitioner is the excess of the total distributions of $10,036.43 and $2,408.85 over $5,000, petitioner's cost basis for the stock. This excess is $7,445.28.

Upon this issue we sustain the present position of the respondent. The distributions in liquidation by the Holmby Corporation, whether made as from surplus or capital, are all chargeable against the cost basis of the stock in the hands of the recipient. *Holmby Corp.*, 28 B.T.A. 1092; *Garrett* v. *Commissioner*, 59 Fed. (2d) 315; *Canal-Commercial Trust & Savings Bank* v. *Commissioner*, 63 Fed. (2d) 619. Petitioner had recovered, prior to the taxable year, $2,408.85 of his capital cost, and the distributions made to him in the taxable year exceeded the unrecovered cost of such stock by $7,445.28. As petitioner had acquired this stock in 1923, this gain is subject to the capital gain provisions of the applicable taxing act. Sec. 208 (a) and (b), Revenue Act of 1926.

In reference to the remaining issue the facts are that petitioner's father died May 18, 1923, leaving a will in which a trust was created with respect to certain of his property, for a period of 10 years, the income of the trust estate during that time to be paid in certain proportions to the beneficiaries of the trust. Petitioner's interest as a beneficiary was 30 percent of the income payments and corpus upon distribution. Included in the assets of this trust estate were 69,168 shares of the capital stock of Holmby Corporation, the fair market value of which, at the time of the decease of petitioner's father, was $7,215,605.76.

During the period from May 18, 1923, to December 31, 1926, the Holmby Corporation, in the process of complete liquidation, distributed to the trustees $1,649,656.80. All of this sum was distributed as from earnings and profits of the corporation. During the year 1927, the Holmby Corporation, continuing the process of complete liquidation, made additional distributions of $6,995,885.24. Of this sum, $1,185,088.24 was distributed as from earnings and profits and the balance, $5,813,800, was paid as in redemption of 58,138 shares of the total of 69,168 shares of stock belonging to the trust.

Included in the $1,185,088.24 received by the trustees in 1927 as distributed from earnings and profits was the sum of $353,791.74, which was distributed by the trustees to petitioner during that year as his beneficial share of the distributable trust income for that year.

This latter amount was reported by petitioner on his return for such year as ordinary dividends.

In determining the present deficiency, respondent treated the liquidating distributions received by petitioner from the Holmby Corporation and his proportionate share of the distributions to the trustees, in the following manner:

Per Return:

| | |
|---|---|
| Distributions from earnings and profits on own stock reported as "dividends" | $1,736.43 |
| Distributions by Holmby Corporation from earnings and profits to Trustees and in turn distributed to petitioner, reported as "dividends" | 353,791.74 |
| Total reported on return | 355,528.17 |

Added in Deficiency Letter:

| | |
|---|---|
| Distributions on own stock above reported as dividends | 1,736.43 |
| Amount distributed from capital | 8,500.00 |
| Distribution from trust as above | 353,791.74 |
| Additional gain on liquidating distributions to trustees | 78,397.78 |
| Total addition to income in deficiency letter on account of Holmby Corporation distributions | 442,425.95 |
| Total amount of income included in "net income" in deficiency letter on account of above items | 797,954.12 |

The sum, $355,528.17, included in the above total, was treated by the respondent as ordinary income subject to both normal and surtax and the remainder was treated as capital gain by the respondent.

The determination of petitioner's tax liability in reference to distributions received by the trustees, requires a determination of the gross taxable income received by the trustees included in such distributions, and the total credit against such income to which the trustees are entitled under section 219 (b) (2) of the Revenue Act of 1926,[1] as that portion distributable to petitioner upon which he is liable for the tax. The first factor, the taxable income received by the trustees, is ascertained by application of the same rule by which the preceding issue was concluded. The Holmby Corporation was in process of complete liquidation from May 18, 1923. All distributions subsequent to that date, whether made as from accumulated earnings or capital, are, for purposes of the taxing act, considered as received by the stockholder in exchange for his stock under the

---

[1] SEC. 219. (b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

* * * * * * *

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

provisions of section 201 (c) of the Revenue Act of 1926.[2]  *Holmby Corp.*, *supra*; *Garrett* v. *Commissioner*, *supra*; *Canal-Commercial Trust & Savings Bank* v. *Commissioner*, *supra*.

Applying this rule, we find that the cost basis of 69,168 shares of stock, stipulated to be $7,215,605.76, had been recovered to the extent of $1,649,656.80 by liquidating distributions received by the trustees prior to the taxable year, leaving an unrecovered cost of $5,565,948.96, against which must be applied the liquidating distributions of $6,998,888.24 received in 1927. It follows that the excess of these latter distributions over the unrecovered cost, or $1,432,939.28, is the gain, subject to Federal income tax, received by the trustees in 1927.

Having determined the net taxable gain received, there remains to be determined the proportion of such gain taxable to this petitioner. Under section 219 (b)(2), above cited, such gain is that portion of the income in question which was, under the terms of the trust, distributable to petitioner. In determining this gain, we must look to the law of the State of California, which controls the administration of the trust. The determination of that state's courts as to the distributable or nondistributable character of the gain realized by the trustees, is binding upon us. *Freuler* v. *Helvering*, 291 U.S. 35. There is included in the formal stipulation filed, the decree of the Superior Court of California approving the distribution to the beneficiaries as current income, those amounts distributed in liquidation by the Holmby Corporation from accumulated earnings and profits of the corporation, and likewise approving the retention by the trustees as corpus, the total amounts distributed to them in redemption of stock. We accept this decree as final in determining that the only amount distributable, and therefore taxable, to petitioner, was the sum of $353,791.94 actually distributed to him by authority of that court. From the tabulation heretofore set out, it is noted that respondent, in determining the deficiency, included in petitioner's income as distributable to him, $78,397.78, representing the proportionate interest in the gain realized by the trustees in liquidating distributions made to them in redemption of stock, which was retained by them, with approval of the court, as nondistributable increase in the corpus. The trustees, in computing the trust income subject to Federal income tax, are permitted to take credit for dis-

[2] SEC. 201. (c) Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation, shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 202, but shall be recognized only to the extent provided in section 203. In the case of amounts distributed in partial liquidation (other than a distribution within the provisions of subdivision (g) of section 203 of stock or securities in connection with a reorganization) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits within the meaning of subdivision (b) of this section for the purpose of determining the taxability of subsequent distributions by the corporation.

tributions of such income, only, as is held to be distributable by the state court controlling the same. The item of $78,397.78 was not within that category and, therefore, upon this sum, they, and not petitioner, are liable for the tax. *Canal Bank & Trust Co.*, 30 B.T.A. 390.

Although the law of California, which controls the administration of this trust, concludes us as to the amount of the trust income distributable to this petitioner, *Freuler* v. *Helvering, supra*, its character for Federal income tax purposes and the resulting tax thereon, in the absence here of other intention expressed therein, is controlled by the Federal revenue act basing the present disputed tax. *Burnet* v. *Harmel*, 287 U.S. 103; *Forrest Anderson*, 30 B.T.A. 597.

Under the provisions of section 201 (c) of the Revenue Act of 1926, the total gain included in the distributions made by the Holmby Corporation to the trustees in the year 1927, must be treated as having been received in exchange for stock. And, pursuant to sections 208 (a) (8) and (b) and 219 (a) of the same revenue act, the gain resulting from such distributions was capital gain since the stock exchanged had been held by the trust for more than two years. That portion of such gain distributable to petitioner and consequently taxable to him, as determined by us, does not lose its character of capital gain, we think, upon distribution to him.

Section 208 (e) of the Revenue Act of 1926 provides:

In the case of * * * the beneficiary of an estate or trust, the proper part of each share of the net income which consists, respectively, of ordinary net income, capital net gain, or capital net loss, shall be determined under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary and shall be separately shown in the return of the * * * estate or trust and shall be taxed to the * * * beneficiary or to the estate or trust as provided in sections 218 and 219, but at the rates and in the manner provided in subdivision (b) or (c) of this section.

It necessarily follows that the portion of the capital gain realized by the trust which was distributable to petitioner and consequently taxable to him is, in computing his tax thereon, subject to the capital gain provisions of the statute.

*Judgment will be entered under Rule 50.*