## LETTS v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7849.

Circuit Court of Appeals, Ninth Circuit.
July 20, 1936.

Thomas R. Dempsey, A. Calder Mackay, both of Los Angeles, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Ellis N. Slack, and Berryman Green, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

This petition brings here for review a decision of the Board of Tax Appeals redetermining petitioner's income tax liability for the year 1927. The Board, in computing petitioner's taxable income for that year, included, as a part thereof, an item of $353,791.74 which petitioner says should not have been included. This action of the Board is assigned as error. The facts were stipulated and, briefly summarized, are as follows:

Petitioner's father, Arthur Letts, Sr., a resident of Los Angeles, Cal., died on May 18, 1923, leaving a will which created a trust and devised and bequeathed certain property to the trustees thereof, one of whom was petitioner. The will provided that the trustees "shall collect and receive all of the rents, interest, dividends and income from said trust property; and from the gross income derived from said trust property; said trustees, or the sur-

vivors of them, shall pay and discharge all taxes, assessments, costs, charges and expenses incurred in the care, administration and protection of the trust property and in the maintenance and protection of this trust and in its defense against legal or equitable attack by any person; and said trustees, or the survivors of them, shall pay and distribute the net income from said trust" to petitioner and other named beneficiaries. The will further provided: "The distribution of said net income shall be made at least semi-annually and more frequently if the same can be done, in the judgment of my trustees, without inconvenience to the proper and reasonable management of the trust estate."

The superior court of Los Angeles county, state of California, admitted the will to probate and, in due course, distributed the trust property to the trustees. Included therein were 69,168 shares of the capital stock of the Holmby Corporation, the cost basis of which was $7,215,605.76. From and after May 18, 1923, the corporation was in process of complete liquidation. In that process it distributed to the trust, prior to 1927, $1,649,656.80, thereby reducing the cost basis of the stock to $5,565,948.96. In 1927 the corporation, continuing the process of liquidation, distributed to the trust $6,998,888.24. Thus, in 1927, the trust recovered the cost of the stock, and, in addition thereto, $1,432,939.28.

On October 9, 1928, the trustees, petitioner included, filed their verified account for the period from August 20, 1925, to May 1, 1928, wherein they reported to the court that they, as trustees, had in 1927 received from the Holmby Corporation the sum of $6,998,888.24 and had, in the same year, distributed $1,185,088.24 thereof, as net income, to the beneficiaries of the trust, petitioner included, petitioner receiving as his share of said distribution the sum of $353,791.74. The trustees prayed for, and on November 5, 1928, obtained from the court, an order approving, allowing, and settling said account.

The questions we have to decide are: (1) How much, if any, of the $6,998,888.24 which the Holmby Corporation distributed to the trust in 1927 was taxable income; and (2) how much, if any, thereof was taxable to petitioner.

Section 201(c) of the Revenue Act of 1926, c. 27, 44 Stat. 10, 11, provides: "Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 202, but shall be recognized only to the extent provided in section 203."

Section 202(a), 44 Stat. 11, provides that, with exceptions not applicable here, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in section 204. Section 203, 44 Stat. 12, provides that, with exceptions not applicable here, the entire amount of gain or loss from the sale or exchange of property shall be recognized. Section 204, 44 Stat. 14, provides that, with exceptions not applicable here, the basis for determining the gain or loss from the sale or other disposition of property shall be the cost of such property.

Section 212(a), 44 Stat. 23, provides that, in the case of an individual, the term "net income" means the gross income as defined in section 213, less the deductions[1] allowed by sections 206 and 214. Section 213(a), 44 Stat. 23, defines "gross income" as including gains, profits and income derived from any source whatever. Section 219(a), 44 Stat. 32, provides that the income tax imposed by the act shall apply to the income of estates or of any kind of property held in trust, including income which is to be distributed currently by the fiduciary to the beneficiaries.

Applying these provisions to the facts of this case, it is clear that the $6,998,888.24 which the Holmby Corporation distributed to the trust in 1927 constituted full payment in exchange for stock the cost basis of which was $5,565,948.96, and that the resulting gain, $1,432,939.28, was taxable income.

How much, if any, of this income was taxable to the beneficiaries of the trust? That depends on how much, if any, thereof was to be distributed currently to the beneficiaries. Section 219(b) of the Rev-

---

[1] Since no question regarding these deductions arises in this case, the provisions of sections 206 and 214 are not recited.

enue Act of 1926, supra, provides that, with exceptions not applicable here, the income tax imposed by the act shall be computed upon the net income of an estate or trust, and that such net income "shall be computed in the same manner and on the same basis as provided in section 212, except that * * * (2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

■ Thus, if the income which the trust received from the Holmby Corporation in 1927, or any part thereof, was currently distributable to the beneficiaries of the trust, such income, or such part thereof as was so distributable, was taxable to the beneficiaries, whether actually distributed to them or not.

■ Whether, under the will, income received by the trust was or was not currently distributable, was to be determined, in the first instance, by the trustees themselves and, finally, by the state court having jurisdiction of the trust. Petitioner and his cotrustees determined that, of the $6,998,888.24 which the trust received from the Holmby Corporation in 1927, $1,185,088.24 was net income currently distributable to the beneficiaries of the trust. They accordingly made such distribution and so reported to the court in their account heretofore referred to. The court, after hearing the matter, made its order approving, allowing, and settling the account, thereby finally determining that the $1,185,088.24 was currently distributable to the beneficiaries of the trust, including petitioner. That order has not been reversed or overruled and is, therefore, conclusive. Freuler v. Helvering, 291 U.S. 35, 43, 45, 54 S.Ct. 308, 78 L.Ed. 634.

■ The $1,185,088.24 which the trust distributed to its beneficiaries in 1927 was "designated" by the Holmby Corporation as having been paid to the trust from earnings and profits of the corporation. The other $5,813,800 was "designated" by the corporation as having been paid in redemption of its stock. These "designations" are not controlling here. Under section 201 of the Revenue Act of 1926, supra, both amounts must be "designated" as having been distributed in the process of complete liquidation of the corporation and as constituting full payment in exchange for its stock. Whatever terminology is used, the fact remains that in 1927 the trust received from the corporation $6,998,888.24, of which $1,432,939.28 was taxable income, and that $1,185,088.24 thereof was currently distributable and actually distributed to the beneficiaries of the trust, petitioner receiving as his share $353,791.74.

■ Petitioner contends that the $1,185,088.24 which the trust distributed to its beneficiaries in 1927 was distributed to them before the trust had recovered the cost of its Holmby Corporation stock or had derived any taxable gain therefrom; that, therefore, at the time it was distributed, the $1,185,088.24 was not income to the trust; and that, not being income to the trust, it was not taxable to the beneficiaries, though actually distributed to and received by them as income.

There is no merit in this contention. The time unit we are dealing with is the taxable year; in this case, the calendar year 1927. In that year the trust received taxable income to the amount of $1,432,939.28 and distributed to its beneficiaries, as income, $1,185,088.24. Whether it distributed the $1,185,088.24 before or after it received the $1,432,939.28 is immaterial. A beneficiary to whom income has been distributed by a trust cannot escape taxation thereon by showing that, at the time of such distribution, the trust itself had no income. Baltzell v. Mitchell (C.C.A.1) 3 F.(2d) 428, 431; Abell v. Tait (C.C.A.4) 30 F.(2d) 54, 56.

Decision affirmed.