### McNAGHTEN v. UNITED STATES.
### POLLOCK v. SAME.
#### Nos. 42688, 42689.

Court of Claims.
Jan. 11, 1937.

510

Thomas R. Dempsey, of Los Angeles, Cal. (A. Calder Mackay, of Los Angeles, Cal., on the briefs), for plaintiffs.

Guy Patten, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiffs contend that the amounts distributed by the Holmby Corporation out of

its earnings and profits, being distributions in complete liquidation of that corporation, all constituted a return of capital to the trustees of the Arthur Letts Trust for the reason that, under section 201 (c) of the Revenue Act of 1926 (44 Stat. 10, 11) they were in the nature of part payments in exchange for the stock upon which distributed and applied against and reduced the basis thereof in the trustees' hands, a basis which had not been wholly recovered by the end of 1927. Plaintiffs further contend that since all of such amounts were returns of capital to the trustees they did not represent income to plaintiffs under section 219 (b) (2) of the act (44 Stat. 32, 33), and hence were not properly included in the net taxable income of plaintiffs as beneficiaries, even though actually distributed to them by the trustees.

Plaintiffs concede in the position they take that the trustees of the Arthur Letts Trust derived gains from two redemptions of stocks of the Holmby Corporation which took place during 1927, but they contend that such gains were taxable to the trustees alone since, as they insist, no part thereof was distributed to them as beneficiaries under the terms of the trust.

The facts as set forth in the findings disclose the manner in which the Commissioner of Internal Revenue finally disposed of the tax liability of plaintiffs for 1927 and the basis on which he rested his decision. Briefly stated, the Commissioner upon final determination of plaintiffs' tax liability for 1927 eliminated the amount of $353,791.74 included by them in their returns for that year as ordinary income received by them from the trustees subject to normal and surtax rates, and in lieu thereof found a capital net gain for each of the plaintiffs for 1927 in the amount of $429,940.68 which he taxed at capital gain rates of 12½ per cent. and refunded to plaintiffs the amounts of $526.75 and $2,303.13, respectively. In doing this, however, the Commissioner of Internal Revenue did not properly interpret the decree of November 5, 1928, of the superior court of the state of California approving the distributions by the trustees to the beneficiaries, and likewise approving retention by the trustees as corpus of the amounts received by them in redemption of the stock. Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634. In other words, the effect of the decree of the California court which had jurisdiction to determine the property rights of the parties under the trust was that the amounts distributed by the trustees to and received by the beneficiaries, plaintiffs herein, were distributable to the beneficiaries and that the amounts received and retained by the trustees in redemption of the stock constituted corpus in their hands and were not distributable to the beneficiaries. In this situation the Commissioner erred in taxing to plaintiffs any amount in excess of $353,791.74 held by the California court to be distributable to each of them. The Commissioner taxed each plaintiff with the amount of $429,940.68 for 1927, or $76,148.94 in excess of that properly taxable. Plaintiffs therefore have each overpaid the tax due for 1927 in the amount of $9,518.62, which the defendant concedes to be due. Counsel for defendant insists however that plaintiffs cannot recover this overpayment for the reason that the grounds stated in their claims for refund are not sufficient to support this suit. We think, however, that there is no merit in this contention of the defendant.

■ The issues and contentions here made by plaintiffs with reference to the taxability to them of the distribution of $353,791.74 each in 1927 were considered and denied by the United States Board of Tax Appeals and the United States Circuit Court of Appeals for the Ninth Circuit in Arthur Letts, Jr., v. Commissioner of Internal Revenue, 30 B.T.A. 800, and in Id., 84 F.(2d) 760, 762, in which it was held that liquidating distributions to a trustee, and representing in his hands capital net gain under sections 208 (a) and (b) and 219 (a) of the Revenue Act of 1926 (44 Stat. 19, 32), are subject to the same provisions in the hands of the beneficiary when distributed to him, although distributable only as dividends on the trust corpus under the terms of the trust and the law of the state controlling its administration under section 208 (e) of the same act (44 Stat. 19). We agree with those decisions and no useful purpose would be here served by a detailed discussion thereof. It is sufficient to state that Arthur Letts, Jr., was a beneficiary of the trust here involved and in 1927 received a distribution from the trustees in the same amount as each of these plaintiffs. In seeking a reversal of the decision of the Board of Tax Appeals Letts contended before the Circuit Court of Appeals, 84 F.(2d) 760, 762, that the $1,185,088.24 which the trust distributed to its beneficiaries in 1927 was distributed to them before the trust had recovered the cost of its Holmby Corporation stock or had derived any taxable gain there-

from; that, therefore, at the time it was distributed, the $1,185,088.24 was not income to the trust; and that, not being income to the trust, it was not taxable to the beneficiaries, though actually distributed to and received by them as income. With respect to this contention the court said "There is no merit in this contention. The time unit we are dealing with is the taxable year; in this case, the calendar year 1927. In that year the trust received taxable income to the amount of $1,432,939.28 and distributed to its beneficiaries, as income, $1,185,088.24. Whether it distributed the $1,185,088.24 before or after it received the $1,432,939.28 is immaterial. A beneficiary to whom income has been distributed by a trust cannot escape taxation thereon by showing that, at the time of such distribution, the trust itself had no income. Baltzell v. Mitchell (C.C.A.1) 3 F.(2d) 428, 431; Abell v. Tait (C.C.A.4) 30 F.(2d) 54, 56."

■■ Neither of the plaintiffs herein is entitled to recover any amount in excess of $9,518.62. In oral argument counsel for defendant contended that judgments for these conceded overpayments should not be entered for the reason that the trustees of the Arthur Letts Trust did not pay any tax for 1927 upon the gain derived by them through the liquidating distributions made to the trust by the Holmby Corporation, which distributions were not distributable to the beneficiaries under the terms of the trust and the decree of the California Court, citing White v. Stone et al. (C.C.A.) 78 F.(2d) 136. However, under the facts and circumstances of this case, we find no justification for the application of the equitable principle for which defendant's counsel contends. In the case of White v. Stone et al., supra, the Commissioner determined and assessed the tax there involved in accordance with the decision of the Circuit Court of Appeals for the circuit in which the taxpayer resided, which decision was later reversed, while in the case at bar the Commissioner was bound by no interpretation of the law, except his own, with respect to the question before him. Moreover, all the facts necessary to a determination and assessment of taxes against the trustees and the beneficiaries of the Authur Letts Trust were before him and fully known by him on and prior to July 1, 1930, about 8½ months before any statute of limitation would run against the legal assessment of any tax for 1927 against the trustees. He simply neglected properly to assess the tax and permitted the limitation statute to run. There were no representations of any kind by plaintiffs that misled, or could have misled, the Commissioner, and there is no basis for estoppel. In addition to this the amounts received by these plaintiffs in 1925 and 1926 were not taxable for the reason that they were liquidation distributions by the Holmby Corporation to the trust in respect of that corporation's stock, the basis of which stock had not then been recovered by the trust. Plaintiff McNaghten therefore overpaid $23,556.93 for 1925 and 1926 and plaintiff Pollock overpaid $13,110.95 for the same years. Any recovery of these overpayments is now barred.

Judgment will be entered in favor of each of the plaintiffs for $9,518.62 with interest as provided by law. It is so ordered.

BOOTH, Chief Justice, and WHALEY, WILLIAMS, and GREEN, Judges, concur.