## BENFIELD et al. v. UNITED STATES.
### No. 42879.

Court of Claims.
April 3, 1939.

58

Arthur L. Evely, of Detroit, Mich. (Raymond H. Berry and Ralph W. Barbier, both of Detroit, Mich., on the brief), for plaintiffs.

Elizabeth A. Davis, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is a suit brought for the recovery of income taxes with interest thereon for

the years 1930 and 1931 alleged to have been erroneously assessed and collected from Margaret T. Walker.

Margaret T. Walker died in 1933 and plaintiffs are her executors. Her husband was James Harrington Walker, who died December 16, 1919, leaving a will. The will was probated in Wayne County, Michigan, on February 25, 1920, and the executors named therein having duly qualified were appointed trustees thereunder.

The beneficiaries of the estate of Margaret T. Walker and also the beneficiaries of the estate of James Harrington Walker are named in Finding 4.

The second provision of the will of James Harrington Walker, set out in Finding 5, directed his trustees to set apart sufficient of the assets of his estate to pay his wife out of the income thereof the sum of $50,000 per annum during her life and also made other provisions in her behalf.

It appears that shortly prior to the death of James Harrington Walker a new will had been prepared but he died before having an opportunity to execute it. His heirs, believing that this unexecuted will expressed his final intentions, on December 28, 1919, entered into and executed an agreement that the provisions of the unexecuted will should be carried out after the existing will was probated. This agreement is set out in full in Finding 6.

The provisions of the unexecuted will so far as material to this action are set out in Finding 7 from which it will be seen that it directed the trustees to pay to the testator's wife, Margaret T. Walker, an annuity of $75,000 a year during her life and to set apart such a sum from his estate as would provide amply therefor.

In 1929 the trustees of the estate of James Harrington Walker, with the approval of the court, set aside certain assets in the amount of $800,000 as a separate trust fund for the purpose of making the payments of $75,000 a year to his wife. During the years 1930 and 1931, Margaret T. Walker received $75,000 a year from the trustees of the estate of James Harrington Walker. These payments were derived partly from the income on the fund set apart for the payment of the annuity and partly from the corpus of the fund.

For the years 1930 and 1931, Margaret T. Walker reported as taxable income on her individual income tax return the portion of the annuity payment received each year which represented income earned by the fund set aside to make payment thereof. The entire income tax paid by her for the years 1930 and 1931 resulted from the inclusion in her return as taxable income the income of the trust fund. In due time, Margaret T. Walker filed claims for refund of the amount so paid on both the 1930 and 1931 income tax, alleging that the amount returned as paid out of income was erroneously included in her income tax returns for these years, being in fact the payment of an annuity to her as legatee and therefore not taxable. On behalf of the defendant it is argued that the widow was a beneficiary of a trust and not a legatee. This constitutes one of the issues in the case.

In defendant's argument it is said that "the whole question turns upon whether the widow can be considered as taking under the will of her husband or under a subsequent agreement." On this point we think there is no substantial difference between the provisions of the will and those of the unexecuted will put in force by the agreement. The will provided that sufficient be set apart out of the assets (corpus) of the estate to amply provide "funds and income" to make the annual payment of $50,000. Defendant contends that the payments were only to be made "out of the income" of the fund set apart, but the intent of the will was that an "ample fund" be set apart for that purpose and we think they were payable out of the assets of the estate if the trustees disregarded the terms of the will by not setting aside an ample fund. The unexecuted will made substantially the same provisions, referring to the payment of $75,000 a year to the widow as an "annuity." Under either the executed or unexecuted will, we think there was a charge on the whole estate for the annual payment to be made to the widow. Clearly this was the case under the unexecuted will which provided for the payment of an annuity in the amount of $75,000 and made a special provision that any deficiency of income should be made up out of the corpus of the assets set apart. In fact a part of the annuity was paid under this provision.

Where annual payments are made by the fiduciary of a trust under a will and such payments do not depend upon income from the trust estate but are payable without regard to the income received by the fiduciary, they are made in discharge of a gift or legacy and are not taxable. Helvering v. Butterworth, 290 U.S. 365, 370, 54 S.Ct. 221, 78 L.Ed. 365; Burnet v. Whitehouse, 283 U.S. 148, 151, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534.

It is argued on behalf of defendant that under the executed will the widow occupies the status of a beneficiary of a trust and the amounts received by her as income from the trust constitute taxable income to her. It is also said that if anything was received by her in addition to what she was entitled to under the will, such amounts should be considered as received contractually from the heirs.

What we have said above shows, as we think, that the widow was not a mere beneficiary of a trust created for her benefit but was, under the requirement of the will that a certain sum be paid to her annually as an annuity, a legatee and that the exemption of her annuity from taxation was not altered by the agreement executed by the heirs.

Defendant cites in support of its contention the case of Lyeth v. Hoey, 2 Cir., 96 F.2d 141, in which there was a contest over the provisions of a will. The heirs entered into an agreement providing for the probate of the will and the distribution of the estate in accordance with the will and an agreement of settlement between them. The plaintiff acquired property under the compromise agreement which he would not have received under the terms of the will as originally offered for probate. On this property he was assessed and paid income taxes which he sought to have refunded. The Circuit Court of Appeals held that the property so received and assessed was income under the meaning of section 22 of the Revenue Act of 1932, 47 Stat. 169, 178, 26 U.S.C. A. § 22 and note, and consequently taxable. On appeal this decision was reversed by the Supreme Court in Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410, decided December 5, 1938, and it was held that a settlement of an estate which provides for the probating of a will does not do away with statutory exemptions, also that what the plaintiff received by virtue of the agreement over and above what he would have got under the will, he received because of his standing as an heir and his claim in that capacity. The claim of the plaintiff that what he received was exempt from tax was therefore sustained.

The case before us is somewhat different in its facts but the case last cited settles some of the controversies we are now considering. Under the rules laid down therein, the fact that annual payments were made to Mrs. Walker by virtue of an agreement under which she received more than she would have under the executed will would not prevent the payments made from being exempt if she was an heir, as in fact she was. In the instant case there was no legal conflict between the heirs. The settlement agreement was voluntary and amicable. Under these circumstances, we think that whatever additional amount she received under the agreement was merely a gift and consequently not taxable. In any event being an heir in fact, we think there is no substantial difference in the effect of the agreement in the instant case from that made in Lyeth v. Hoey, supra, and that she was consequently entitled to hold all she received thereunder free from tax.

Our conclusion is that none of the reasons presented on behalf of defendant for requiring Mrs. Walker to pay an income tax on the payments received by her are well founded. We are of the opinion that there is no substantial difference between the provisions of the original will and the unexecuted will with reference to the payments being a charge upon the whole estate of her husband; that even if the will which was probated does not have this effect the agreement made by the parties to put in force the unexecuted will is controlling and under it the annual payments made to the widow were a charge upon the whole estate. There was, as we view it, an annuity payable to the widow which did not depend upon income from the trust estate. This annuity was granted to her by a legacy and as legatee she was not subject to a tax by reason of receiving it.

The defendant also contends that even if no part of the payments received by Mrs. Walker constituted income taxable to her no refund should be allowed to the plaintiffs. In support of this contention the defendant cites the case of Stone v. White, 301 U.S. 532, 57 S.Ct.

851, 81 L.Ed. 1265, in which the Supreme Court held that where the income of a trust was taxed to the trustee when it should have been taxed to the beneficiary the trustee could not recover the tax paid by him. In the Stone case, supra, the beneficiary was entitled to the whole net income of the trust and the Government was permitted to interpose a defense of equitable estoppel because, as is pointed out by the court, any recovery obtained by the trustee would inure entirely to the benefit of the beneficiary who should have paid the tax in the first instance.

In the case before us there was no obligation on the part of Mrs. Walker to pay the tax and her recovery would inure to her benefit alone without affecting the interests of the heirs of her husband.

It should be said also that recent cases have placed a limitation on the rule laid down in Stone v. White, supra. In Sewell v. United States, Ct.Cl., 19 F.Supp. 657, it was held that it did not apply where the beneficiary was entitled to only part of the net income and the balance was retained in the estate for the benefit of the remainderman. In the case of McNaghten v. United States, 17 F.Supp. 509, 84 C.Cls. 349, attention was called to the fact that in the case of Stone v. White, supra, the Commissioner determined and assessed the tax there involved in accordance with the decision of the Circuit Court of Appeals which decision was later reversed, while in the case then being submitted the Commissioner was bound by no interpretation of the law, except his own, with respect to the question before him, and all of the facts necessary to a determination and assessment of taxes against the trustees and beneficiaries were fully known before any statute of limitations ran against the assessment of the tax against the trustees. It was held in the McNaghten case, supra, that when the Commissioner neglected properly to assess the tax and permitted the limitation statute to run, there was no equitable estoppel.

The same situation existed in the case now before us. Before the statute of limitations had run, the Commissioner had advised Mrs. Walker to file a claim for refund. With a full understanding of the matter he determined to assess the tax involved herein to Mrs. Walker.

Since the filing of the refund claims on which the action is based Mrs. Walker died. If this suit is successful, the recovery will go to the heirs of her estate and the beneficiaries of her estate are a part but not all of the beneficiaries of the estate of James Harrington Walker. These facts show merely an undetermined advantage derived through the failure of the trustees of James Harrington Walker to pay the tax, which is insufficient to warrant the application of the doctrine of equitable estoppel. See Schlemmer v. United States, 2 Cir., 94 F.2d 77, in which the case of Stone v. White, supra, was distinguished.

It follows from what is said above that plaintiffs are entitled to recover $2,801.20 taxes for the year 1930 paid on February 26, 1931, and $950.11 taxes for the year 1931 paid in two installments, namely March 17, 1932, $237.53, and June 9, 1932, $712.58, with interest as provided by law upon the several sums so paid. Judgment will be rendered accordingly.