In the Matter of the Accounting of NEW YORK TRUST COMPANY, as Committee of WALTER LEWISOHN, an Incompetent Person, Now Deceased.
SELMA FARR, Individually and as Executrix of WALTER LEWISOHN, Deceased, et al., Appellants; NEW YORK TRUST·COMPANY, Respondent.

Order affirmed, with costs and disbursements.

CALLAHAN, J. (dissenting). In this case a corporate trustee invested $277,500 of the funds of an incompetent in a mortgage for $375,000 on a golf course burdened with onerous restrictions and easements. Aside from the unsuitable and improvident nature of such an investment, in my opinion, the Referee and Special Term erred in several respects in dismissing the objections interposed to the accounting.

On the issue of self-dealing, the determination below failed to distinguish between breach of duty by the trustee as a matter of law, and good faith on the part of the trustee as a matter of fact in the making of the investment. The existence of good faith did not justify the trustee's action, because it had at least put itself in a position where its interests, or the interests of those in close relation with it, might have conflicted with its duty towards its *cestui*, or its judgment as trustee might have been influenced. An investment creating such possibility of conflict is invalid. (*Matter of Ryan*, 291 N. Y. 376.) The value of this rule of undivided loyalty depends, in part, on its rigorous and inflexible enforcement. (*Albright* v. *Jefferson County National Bank*, 292 N. Y. 31.)

Likewise on the issue of whether the real property mortgaged was "encumbered" within the statutory prohibition (see Personal Property Law, § 21 and Decedent Estate Law, § 111), the decision appealed from failed to properly evaluate the onerous nature of the present restrictions which might seriously reduce the value and salability of the land. Such restrictions were not in the same category as the minor ones found in *Matter of City of New York* (*Tunnel Street*) (160 App. Div. 29, affd. 212 N. Y. 547).

Because of the failure of the trustee to disclose material particulars and circumstances affecting the validity of the investment, there was no ratification or waiver when the prior releases were given.

I vote to reverse the order appealed from, and grant to objectants the relief demanded by them.

Martin, P. J., Townley, Glennon and Cohn, JJ., concur in decision; Callahan, J., dissents in opinion.

Order affirmed, with costs and disbursements. No opinion. [See 269 App. Div. 691.]