**MERTZ v. HICKEY, Collector of Internal Revenue.**

**Civil Action No. 2319.**

District Court, N. D. New York.

July 29, 1946.

George F. Thompson, of New York City (Warner F. Thompson, of New York City, of counsel), for plaintiff.

Irving J. Higbee, U. S. Atty., of Syracuse (Frederich G. Rita, Sp. Asst. to Atty. Gen., of counsel), for defendant.

BRENNAN, District Judge.

Plaintiff seeks to recover a money judgment in the amount of $12,366.81, which sum is alleged to have been unlawfully and erroneously collected by the defendant from the plaintiff as income taxes for the year 1941.

The basis of plaintiff's complaint is that the Collector erred in including an item of $36,739.34, as part of plaintiff's taxable income for the year 1941. It is the plaintiff's contention that the above amount was acquired by him "* * * by gift, bequest, devise, or inheritance * * *," and, therefore, should be excluded from plaintiff's gross income under the provisions of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(b) (3).

The facts are not seriously in dispute, and they may be summarized as follows: Plaintiff for several years was employed as the personal secretary of John N. Willys who died on August 26, 1935. At the time of his death Mr. Willys was a resident of the State of Florida and the probate of his will occurred in that jurisdiction.

Mr. Willys executed a last will and testament dated June 29, 1934, under the terms of which there was devised and bequeathed to plaintiff three per cent of the remainder of his estate after the payment of debts, expenses and certain specific legacies. Plaintiff was nominated as one of the executors and trustees of said will. About May 13, 1935, Mr. Willys executed another last will and testament under the terms of which the major portion of his estate was bequeathed to his widow, Florence Dolan Willys. No provision whatever was made for the plaintiff in said will, and the benefits which his only child, Virginia Willys de Landa, would receive were substantially reduced from that given her under the will of June, 1934. The latter will was offered for probate, and the plaintiff took the necessary procedural steps to contest the validity of that instrument. He consulted with Mrs. de Landa and her representatives, as it was apparent that their interests would be substantially identical in opposing the probate of the 1935 will, and establishing the validity of the will dated June 29, 1934.

As the result of such conferences an arrangement was made, the terms of which are not clear, but it appears without dispute that on or about September 25, 1935, as a result of the conferences, Mrs. de Landa

signed an agreement or retainer whereby she retained Messrs. Goodman and Werner, attorneys of New York City, who were in fact the attorneys for plaintiff, to co-operate and act with her attorney, William M. Sullivan, in the matter of the contest of the will above referred to. The agreement provided in substance that the attorneys should receive as compensation for such services a proportionate share of the amount by which Mrs. de Landa's share in the estate was enhanced by contest, suit or settlement.

The plaintiff was not a party to the agreement insofar as appears on the face thereof, but it appears without dispute that he actually agreed to consolidate the trial of the objections filed by him to the probate of the 1935 will with the trial of the objections filed by Mrs. de Landa, and that because he was apprehensive as to what might happen to his rights in the event that Mrs. de Landa should decide to withdraw her objections, it was agreed between Goodman and Werner and the plaintiff that he should receive seventy-five per cent of the sum received by Messrs. Goodman and Werner on account of the retainer above mentioned, such percentage to be based upon the net amount after the deduction of expenses, taxes, etc. The plaintiff, on his part, agreed to aid in the preparation of the trial of such objections, it being apparent that by reason of his position he had knowledge of facts and occurrences which could be established by witnesses, and which would be of value in the trial of the issues raised by the objections to the Willys will.

This rather unusual agreement was not reduced to writing, but evidence thereof is found in the oral testimony of the plaintiff, and in the writings offered and received in evidence. The plaintiff did, in fact, interview witnesses and assist in the preparation of the trial of the will contest. On or about May 20, 1936, a settlement of the will contest was made, and the will of June 29, 1935, was admitted to probate. Under the terms of the settlement, plaintiff received the sum of $10,000 in cash and Mrs. de Landa received certain property located at Palm Beach, Florida, which was valued at about $1,000,000. The record is not complete as to the disposition of the objections filed by the plaintiff, but it may be inferred that said objections were either withdrawn by plaintiff or were dismissed by the Court with the knowledge of the plaintiff.

About June, 1940, this plaintiff, together with Messrs. Goodman and Werner, commenced an action in the Supreme Court of the State of New York to recover from Mrs. de Landa a sum equal to the amount which she had agreed to pay Messrs. Goodman and Werner under the retainer of September 25, 1935. Motion was made for a summary judgment dismissing the complaint, which motion was denied and the denial was affirmed in the Appellate Division of the Supreme Court of the State of New York. 268 App.Div. 1034, 24 N.Y.S.2d 386. The complaint in the Supreme Court action was based upon a breach of the retainer contract of September 25, 1935, and the following allegation of said complaint describes the status of this plaintiff in that action:

"Sixteenth.—That at the time of the execution of said agreement aforementioned, it was contemplated and understood by and between the plaintiffs, Goodman and Werner, and the defendant, that the plaintiff, Charles B. Mertz, was to cooperate with, and to render services to, the said Goodman and Werner and William M. Sullivan, Esq., in procuring data, records, information and witnesses to enable the defendant to prosecute said contest, and it was expressly agreed by and between the said plaintiffs, Goodman and Werner, and this defendant, that the compensation to be paid to the plaintiff, Charles B. Mertz, should be paid out of the moneys payable under said agreement, in such manner as these plaintiffs should agree amongst themselves."

The action was settled during trial, about June 9, 1941, by which settlement Mrs. de Landa paid the sum of $75,000, and after there was deducted therefrom attorneys' fees, expenses and taxes, plaintiff received the sum of $36,739.34, which represented the amount due him under the terms of the agreement above referred to.

The plaintiff did not include the above item in his income tax return for the year

1941, taking the position that such sum was received as a gift, bequest or devise from the Willys estate, and, therefore, excluded from his gross income. The defendant thereafter imposed an assessment of $10,373.39 upon the plaintiff, treating the item as income and rejecting the plaintiff's contention that it was acquired by gift, bequest or devise. The amount of the assessment, together with interest, was paid under protest, and this action followed.

Plaintiff contends that the item of $36,739.34 was acquired by him by bequest from the Willys estate, and must be excluded from plaintiff's gross income under the provisions of the Internal Revenue Code above referred to. He urges that by consolidating his objections to the 1935 will with those of Mrs. de Landa, he thereby lost control of the contested probate proceedings, and that her agreement of September 25, 1936, to retain and pay Messrs. Goodman and Werner was, in fact, to insure to this plaintiff that he would receive financial compensation by reason of his loss of control of the will contest, and that the moneys coming into his hands constituted a devolvement of a part of the Willys estate which was not taxable as income under the ruling of United States Supreme Court in Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410.

An analysis of the oral evidence and exhibits offered upon the trial leads to the conclusion that the positions of the plaintiff and Mrs. de Landa prompted the arrangement of September, 1935. Their interests in the will contest were identical, although the amounts they might gain in the event of success were disproportionate. The purpose of this arrangement was to equalize to some extent the financial gain which would accrue to both contesting parties in the event of a successful outcome or settlement of the probate proceedings.

The ultimate fact is that the plaintiff had the means of obtaining important material evidence, and it was agreed that he should receive compensation for his efforts. For reasons not entirely clear, the arrangement whereby Mrs. de Landa, who was already represented by counsel, would also retain plaintiff's attorneys upon a contingent basis, and that Mertz would share in the proceeds of that retainer was the method adopted to accomplish the objective above mentioned. The plaintiff's direct contractual relationship was with his attorneys. The letter of September 25, 1935, by the plaintiff to Mrs. Willys in which he specifically disavowed any direct liability of Mrs. de Landa to him for services rendered in the will contest, is confirmation of the arrangement.

Plaintiff's right to contest the will remained unimpaired after the arrangement of September 25, 1935. The fact that he received $10,000 from the estate upon the termination of the will contest is proof thereof. That he agreed to consolidate the trial of his objections with the trial of those filed by Mrs. de Landa does not detract from their effectiveness. The repeated statement by plaintiff's counsel that by consolidation the plaintiff thereby lost control of the trial of the objections to the probate of the will has no support in the evidence.

Mr. Werner's analysis of the arrangement as expressed in the writing of December 17, 1936, together with plaintiff's verified complaint in the Supreme Court action brought by his attorneys and himself against Mrs. de Landa leads inevitably to the conclusion that plaintiff understood and intended that he would render services which would benefit Mrs. de Landa and, in return therefor, he would receive compensation which would be payable out of the proceeds of the retainer of his attorneys by Mrs. de Landa.

The Court has not overlooked the cases cited by the plaintiff nor the interpretations of the statute involved therein. It is perhaps sufficient to say that they are not applicable to the facts in the instant case. In Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410, moneys paid to an heir in accordance with a compromise agreement adopted by the probate court in a contested probate proceeding were held not taxable as income. In Quigley v. Commissioner, 7 Cir., 143 F.2d 27, moneys paid by legatees to compromise a

threatened will contest were held not taxable as income. Magruder v. Segebade, 4 Cir., 94 F.2d 177, reaches the same conclusion as that expressed by the Supreme Court in Lyeth v. Hoey, supra, when applied to a legatee. Benfield v. United States, 27 F.Supp. 56, 88 Ct.Cl. 486, also follows the authority of Lyeth v. Hoey, supra, and extends such holding to cover a situation where amounts received in settlement were greater than the legacies.

Here, the moneys in question received by Mertz were not the consideration for the abandonment or settlement of the will contest. He did not receive such moneys on account of his position as a legatee. He voluntarily surrendered such position upon the payment to him of $10,000 from the estate. His claim comes neither within the letter nor the spirit of the applicable law, and the complaint must be dismissed.

In view of the above determination, defendant's motion to strike out certain evidence is denied.