## SITTERDING v. COMMISSIONER OF INTERNAL REVENUE (three cases).

### Nos. 3961–3963.

Circuit Court of Appeals, Fourth Circuit.

Jan. 6, 1936.

Frank J. Albus, of Washington, D. C., for petitioner.

L. W. Post, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

These are petitions for review of decisions of the United States Board of Tax Appeals, involving income taxes of the petitioners for the year 1929. The decision of the board was entered May 4, 1935. The three cases were consolidated and it was stipulated that the decision in one case would control the other two cases.

The Board of Tax Appeals filed no separate findings of fact, but the material facts are stated in the decision of the board and the petition here discussed will be that of Agnes Sitterding in case No. 3961.

The petitioner is an individual residing at Richmond, Va. Her father, Fritz Sitterding, died testate April 14, 1928, and two of his sons and the Virginia Trust Company qualified as executors of the estate in April, 1928. The inventory of the estate filed by the executors valued the assets of the estate at approximately $3,000,000. The will of the deceased directed his executors to set aside and hold in trust $300,000, the income from this trust to be divided quarterly among his three children. The balance of the estate was also to be equally divided among

his three children. At the time of the decision of the Board of Tax Appeals the estate was still in the process of administration.

During the year 1929 the executors and trustees made three distributions to the beneficiaries as follows:

| Date | Agnes Sitterding | William H. Sitterding | Fred B. Sitterding |
|---|---|---|---|
| Jan. 30, 1929 | $7,242.59 | $7,242.59 | $7,242.58 |
| July 30, 1929 | 3,746.84 | 3,746.84 | 3,746.84 |
| Oct. 30, 1929 | 5,451.45 | 5,451.45 | 5,451.45 |
| Total | 16,440.88 | 16,440.88 | 16,440.87 |

The record kept by the executors for the estate contained an account entitled "Income Account" and an account entitled "Principal Account." The above distributions were charged to and entered in such income account on the above dates and in the above amounts, with an explanation as follows:

Income.
Miss Agnes Sitterding................ 1/3
W. H. Sitterding.................... 1/3
To a/c (or "acc't") Fred B. Sitterding ..................... 1/3

Such distributions exhausted the funds as reflected in the credit balance in the income account at the respective dates of distribution.

During the calendar year 1929 the estate had a gross income of $96,998.84, and in March of that year the executors paid a federal estate tax in the amount of $34,555.56, and in April of the same year paid state inheritance tax in the amount of $138,582.41, both of which payments were charged, on the books kept by the executors, to the principal account. The Virginia Trust Company advanced the executors the money to make these federal and state tax payments to the extent that they did not have the money on hand with which to make them.

The respondent increased the reported net income of the petitioner, for the year 1929, by adding thereto the amount of $16,440.88 as representing total distributions from the estate including the amount received from the trust fund and, upon review by the Board of Tax Appeals, the respondent's action was sustained and this petition for review was filed. Petitioner agrees that the amount received from the trust fund, $1,781.25, should be added to the reported income.

The sole question here involved is whether the board was correct in sustaining the action of the Commissioner in adding $14,659.63 to petitioner's 1929 income as a distribution of income received from her father's estate, or whether such amount was distributed from corpus, as contended by petitioner.

The statutes involved are sections 22 (b) (3), section 23 (c) and section 162 (b, c) of the Revenue Act of 1928 (26 U.S.C.A. §§ 22 and note, 23 note, 162 and note) and Treasury Regulations 74, arts. 83, 154, 862, and 863.

■ It is first urged on behalf of the respondent that the record, as prepared for this court, contains no statement of evidence whatsoever, and that the board's findings of fact are not here reviewable to determine whether they are supported by substantial evidence. Commissioner v. Continental Screen Company (C.C.A.) 58 F.(2d) 625; Evergreen Cemetery Ass'n v. Burnet, 59 App.D.C. 397, 45 F.(2d) 667. While this is undoubtedly the correct rule of law, there are incorporated in the decision of the board findings of ultimate facts and it is not necessary to quote authorities to the effect that we can review the action of the board in applying the law to the facts so found.

■ It is uniformly held that "under the revenue acts taxable income is computed for annual periods." That the revenue acts uniformly assess the tax on the basis of annual returns is unquestioned. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Burnet v. Thompson Oil & Gas Co., 283 U.S. 301, 51 S.Ct. 418, 75 L.Ed. 1049.

■ The year involved is the year 1929 and in that year the estate did not collect total income enough to pay the state and federal taxes properly chargeable to it. It follows that there was no income to be distributed for that year and therefore no income to be taxed either to the estate or to the heirs. The federal and state taxes paid are a proper deduction from the gross income of the estate (Revenue Act 1928, § 23 [26 U.S.C.A. § 23 and note]), and more than covered the entire income collected. The action of the Commissioner and of the Board of Tax Appeals seems to be based largely upon the fact that the distribution made to the taxpayer was from an

income account kept by the executors and while it is true that book entries are evidential (Doyle v. Mitchell Brothers Company, 247 U.S. 179, 38 S.Ct. 467, 62 L.Ed. 1054), the authorities are clear that such entries are no more than evidential and the decision must rest upon the actual facts, especially, where these facts are not in dispute. Doyle v. Mitchell Brothers Company, supra.

Where there is no question of bad faith with regard to the bookkeeping entries, the rights of the parties can neither be established nor impaired by the bookkeeping methods employed. Mere bookkeeping entries cannot preclude the government from collecting its revenues, nor are such entries conclusive upon the taxpayer. The bookkeeping creates nothing, and the question must be decided according to proven and established facts. Douglas v. Edwards (C.C.A.) 298 F. 229; Mitchell Brothers Company v. Doyle (D.C.) 225 F. 437.

■ The matter must be considered in the light of the applicable probate and administration law. By this law the duty of the executors was to receive the principal of the estate, to inventory it, to ascertain the debts to be paid, including all taxes, and after paying all creditors and taxes and expenses of administration, to strike a balance from which should be paid specific or particular legacies, trust funds should be set up as required by the will, and final balance should be distributed to the residuary legatees, of whom the taxpayer was one. As this was not done during the year 1929, there is certainly nothing to show that the comparatively small sums distributed to the taxpayer during that year were in excess of her principal interest as residuary legatee in the estate. It is not shown by the record what the total charges against the estate were, including debts to be paid. The estate has not been fully administered. It is not possible, therefore, to say that the distribution to the taxpayer was income and not merely an advance on account of the corpus. It is still undetermined what amount of corpus the residuary legatee will receive from the estate.

In dealing with the law of the case, we must also consider the federal taxing statutes. The Virginia probate and administration law is typical of what is generally the law in the different states of the United States. It is reasonable to assume that Congress, in providing for the payment of income tax by estates, had this general situation in mind. Congress has definitely provided for the taxation of income of estates in the course of administration whether the decedent died testate or intestate. Particular provisions are made with regard to the taxation on the income of an estate where it is held in trust. In such a case it is specifically provided that the income actually paid or accumulated for payment to the beneficiary shall be allowed as a deduction from income of the estate but shall be taxable as income to the individual beneficiary.

With regard to the income of estates not specifically held in trust, it is provided that the taxes, including those paid by the executors in this case in 1929, are deductible from income.

The effect of this legislation as a whole seems to be that Congress realized that for a certain period after the death of a decedent the corpus of his estate would be held by the executors before actual distribution and that while so held and therefore before distribution to the beneficiaries under the will or by the intestate law, there would be income of the estate received by the executors or administrators. And such income after certain deductions provided for by law is taxable to the executors and administrators. The income of this estate, therefore, during 1929 and before its distribution to the legatees, was taxable to the executors and not to the beneficiaries, except to the extent that they received income on principal disbursements.

While the record does not expressly and affirmatively so show, yet it is necessarily inferable from the facts stated, that the executors in this case were not taxable on the income of the estate because the credits against the income on account of the taxes paid greatly exceeded the total gross income. Nevertheless the apparent purpose of the Commissioner in this case is to tax some portion of this net income of the estate to the taxpayer. Or, in other words, there is here an attempt to collect income taxes which are not payable by anybody.

The decision of the Board of Tax Appeals is accordingly reversed.