RENA S. McCAHAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79039.  Promulgated April 23, 1937.

*W. C. Alexander, Jr., Esq.*, and *F. R. Wadlinger, Esq.*, for the petitioner.

*John D. Kiley, Esq.*, for the respondent.

946

OPINION.

MILLER: There were at all times sufficient available funds in the corpus of the estate to pay to petitioner all of the amounts which she received from the estate. The amounts distributed to her were designated as distributions of capital or as distributions of tax-exempt income, except $11,327.82 returned by her as taxable income in 1933. Respondent's contention is that there was taxable income in the hands of the executrix, which was distributed to petitioner; that neither the availability of principal funds nor the various designations of the distributions as principal and as tax-exempt income can prevent tax liability. Respondent's contention can not be upheld. During each of the two years involved, the taxable items of income of the estate of William J. McCahan, Jr., were completely exhausted by the payment of estate and inheritance taxes. These were properly paid from the income of the estate. Revenue Acts of 1928 and 1932, secs. 162 and 23 (c) ; [1] *Sitterding* v. *Commissioner*, 80 Fed. (2d) 939; reversing 32 B. T. A. 506; *Esselstyn* v. *Commissioner*, 65 Fed. (2d) 1015; affirming 26 B. T. A. 181; certiorari denied, 290 U. S. 678; *United States* v. *Woodward*, 256 U. S. 632; *Keith* v. *Johnson*, 271 U. S. 1. Cf. *Central Union Trust Co.* v. *United States*, 63 Ct. Cls. 619; certiorari denied, 275 U. S. 555; *Hamilton E. Shaver et al.*,

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual except that * * *.

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(c) * * * For the purpose of this subsection, estate, inheritance, legacy and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate.

*Executors*, 4 B. T. A. 127; *United States* v. *Mitchell*, 271 U. S. 9. See also *John H. Watson, Jr., et al., Trustees*, 35 B. T. A. 706.

The income of the estate having been thus exhausted, there remained no taxable income for distribution to the petitioner. *Sitterding* v. *Commissioner, supra*. In the *Sitterding* case, as in the instant case, the petitioner was both a legatee and a beneficiary of a testamentary trust under the will. There, as here, the estate paid both Federal estate taxes and state inheritance taxes in excess of the net income. In that case, as distinguished from the instant case, payment of such taxes was charged on the books against the principal or corpus of the estate and the amounts distributed to the petitioner as beneficiary were charged against gross income. The Board held that, as the distributions in the *Sitterding* case were paid out of income and received by the beneficiary as income, they were properly included by the respondent in the gross income of the petitioner. On appeal, the court held that as the estate did not collect enough total income to pay the state and Federal taxes properly chargeable against it, it followed that "there was no income to be distributed for that year and therefore no income to be taxed either to the estate or to the heirs."

The facts in the *Sitterding* case were much more favorable to the respondent's position than are the facts in the instant case, as the intention of both fiduciary and beneficiary there was that the distributions should be regarded as from income and they were so designated on the books. In the instant case they were expressly and uniformly designated as from the corpus, or as tax-exempt income.

The effect of the opinion of the Board in the *Sitterding* case is that the fiduciary may elect to pay estate and inheritance taxes from the principal or corpus and to distribute the income; whereupon, he having so elected, the income so distributed comes into the hands of the beneficiary subject to tax. The effect of the decision of the Circuit Court of Appeals for the Fourth Circuit is that the fiduciary has no such power of election, that the payment of such taxes in excess of income automatically exhausts the income and leaves none to be distributed. Both decisions are consistent with the proposition that if the fiduciary elects—as he has power to do—to exhaust the income in paying such taxes, there is no income to distribute to the beneficiary, and none to tax. That is the situation here.

Relying upon the case of *Esselstyn* v. *Commissioner, supra*, respondent contends that the estate and inheritance taxes should have been paid out of funds other than income; that, although the distributions were designated as distributions of principal and there were ample available principal funds for distribution, nevertheless this was a mere matter of bookkeeping. The opinion in the case of

*Everett J. Esselstyn, Executor*, 26 B. T. A. 181, expressly states that during the process of administration, estate tax, paid or accrued during a given year, is a proper deduction from the gross income of the estate in determining the income of the estate subject to tax. Then the opinion goes on to say:

\* \* \* in the instant case the payment of the estate tax reduced the residue or remainder from which income would be derived, but what we are concerned with is income which has been earned by the remainder or residue of the estate. *As to this income, the will specifically provides that such income, after deducting all necessary and proper charges and expenses, shall be paid over to the beneficiaries named, one of whom was the petitioner's decedent.* The Federal estate tax paid was not a charge or expense incident to the earning of the income which would be distributed, but was a tax imposed on the transfer of the estate and as such was a charge against the estate rather than a charge against the income *which the will provided should be distributed to the beneficiaries.* [Italics supplied.]

The will of William J. McCahan, Jr., contained no such special provision. The second item of the will is an absolute bequest of one-half the personal estate and is sufficient in itself to authorize a distribution of available principal or corpus far in excess of the amounts actually distributed. Secs. 21, 49 (b), 1917, Pa. Laws, 447, 488, 515 (Fiduciaries Act, June 7, 1917); Pa. Stats., Laws 1920, secs. 8509, 8596. The third item creates a trust, names the petitioner and another as trustees, and provides for the payment of the net income arising therefrom to the petitioner as the beneficiary thereof. The will does not provide for payment of net income of the estate by the executrix to petitioner, but in the third item provides for payment by trustees of the net income of the trust. The facts of the instant case tell us nothing about the income from that trust or even that the trust had any income. There is not even anything to indicate that the executrix had yet distributed to the trust the property specified in the third item, during the course of administration. Obviously, the *Esselstyn* case has no application to this situation.

The case of *Jackson* v. *Price*, 74 Fed. (2d) 707, relied upon by respondent, is one in which the testator bequeathed to his executors certain property in trust and directed the executors to pay the income thereof to the taxpayer. It was apparently assumed by the court and by all parties that the amount distributed was distributed as income. The opinion states:

In a refund claim filed March 8, 1928, it was contended that the income received by the taxpayer from the estate was not taxable to him, or, in the alternative, it was contended that appellee was entitled to deductions for the $60,000 of New York transfer tax which became due and was paid in 1923. It was the last alternative which was urged in this suit \* \* \*. The opinion rendered below ([D. C.] 6 Fed. Supp. 182, 183) seems to rest upon the basis that the income received from the estate was not taxable.

It is apparent therefore that the question presented in the instant case was not even considered in *Jackson* v. *Price, supra.* Neither

was the question considered in *Little* v. *White*, 47 Fed. (2d) 512, the other case relied on by respondent.

Since there is nothing in the will which indicates that the estate's income, undiminished by charges or expenses properly deductible from it, was to be paid to petitioner, it follows that the estate, after payment of estate and inheritance taxes (which, in the absence of such a testamentary provision, were properly chargeable to the estate's income), had no income to distribute in the years in question; and the distributions must, therefore, have been from the corpus of the legacy. The bookkeeping entries are immaterial.

Petitioner raises another contention, that since the estate took no deduction for any distributions made to the petitioner, as allowed under section 162 of the Revenue Act of 1932, such distributions would not, in any event, whether corpus or income of the estate, be taxable to petitioner as distributee. In view of our conclusion, consideration of this question is unnecessary.

Our conclusion requires, it should be added, that the sum of $11,327.82 returned by petitioner as taxable income in 1933 should also be treated as corpus and that the tax erroneously paid thereon be refunded, since petitioner's claim for refund was made within the statutory period. Sec. 322 (d), Revenue Act of 1936.

A further deduction from petitioner's income in 1933 in respect of $3,700 which was stipulated as the amount of a loss in that year should be considered in the redetermination.

Reviewed by the Board.

*Decision will be entered under Rule 50.*