21 F.Supp. 214 (1937)
BROWN
v.
UNITED STATES, and three other cases.
Nos. 11475, 11705; 11476, 11707; 11477, 11706; 11478, 11704; 11479, 11703.
District Court, E. D. Missouri, E. D.
October 27, 1937.
*215 Forest P. Tralles and Fred J. Hoffmeister, both of St. Louis, Mo., for plaintiffs.
Harry C. Blanton, U. S. Atty., of Sikeston, Mo., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Leon F. Cooper, Sp. Assts. to Atty. Gen.
DAVIS, District Judge.
These actions were brought to recover income taxes paid in the years 1928 and 1929 by five beneficiaries under the will of Paul Brown, deceased. The cases were submitted to the court on an agreed statement of facts.
In his will, Paul Brown directed that his residuary estate should go to certain named beneficiaries, including the plaintiffs. In a codicil to the will, the testator directed that the residuary estate should be retained for a period of three years after his death, and then distributed to the beneficiaries; and that, until the final settlement of his estate, the executors should pay over the net income therefrom to the beneficiaries, in monthly installments as nearly equal as possible.
In carrying out the provisions of the will, the executors kept books containing two classes of accounts; income and capital. In the income accounts they credited the beneficiaries with income earned by the estate for the years 1928 and 1929. The greater part of the income was distributed to the beneficiaries in monthly payments. To the capital accounts were charged expenses and payments of federal estate and state inheritance taxes. These taxes amounted to more than the gross income of the estate.
The plaintiffs argue that income taxes paid by them should be refunded because the estate of Paul Brown had no income taxable to anybody. They point out, first, that an estate during administration is a separate taxable entity under the law, chargeable with the payment of tax on income during such period, and second, that payments of federal estate tax and state inheritance tax by the executors constitute items deductible from income to the estate in figuring the estate's liability for income. From this they conclude: Since deductible items of federal estate and state inheritance taxes paid during 1928 and 1929 by the executors of the Paul Brown estate amounted to more than the gross income of the estate for those years, there was no income to be paid by the estate or the beneficiaries.
It is true that the estate is chargeable with the payment of income taxes during the period of administration, but it does not follow that the estate alone is chargeable; the beneficiaries are chargeable if the income of the estate is distributed to them, and the estate may deduct the sums so distributed. Riker v. Commissioner, 42 F.2d 150 (C.C.A.2d). The Revenue Act of 1928, § 162 (26 U.S.C.A. § 162 and note), provides:
"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that  * * *
"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, * * * there shall be allowed as an additional deduction in computing the net income of the estate * * * for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."
We have found nothing in the statutes to indicate that Congress intended beneficiaries to be free of income tax payments on income received by them from estates in the process of administration.
It is true that payments of federal estate tax and state inheritance tax by the executors constitute items deductible from income to the estate, but it does not follow that beneficiaries may deduct said taxes from income received by them from the estate during administration. The statute is to the contrary: Revenue Act of 1928, § 23 (26 U.S.C.A. § 23 note):
"In computing net income there shall be allowed as deductions: * * *
"(c) Taxes generally. Taxes paid or accrued within the taxable year, except  * * *
"For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of *216 the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate."
Plaintiffs rely on the cases of McCahan v. Commissioner, 35 B.T.A. 943, and Sitterding v. Commissioner (C.C.A.) 80 F.2d 939. In the McCahan Case, the testator bequeathed one-half of his estate to his wife absolutely, placing the remaining one-half in trust for her use. While the estate was in process of administration, the estate and inheritance taxes paid amounted to more than the income of the estate. In holding that the wife did not have to pay income tax on amounts received from the estate, the Board of Tax Appeals said: "Since there is nothing in the will which indicates that the estate's income, undiminished by charges or expenses properly deductible from it, was to be paid to petitioner, it follows that the estate, after payment of estate and inheritance taxes (which, in the absence of such a testamentary provision, were properly chargeable to the estate's income), had no income to distribute in the years in question; and the distributions must, therefore, have been from the corpus of the legacy."
It may be seen that the facts in the McCahan Case are different from those in the case at bar. The Brown heirs, by specific terms of the will, were to receive the income of the estate. Likewise, the Sitterding Case is different, because in that case the will did not specifically provide that income should be distributed to the beneficiaries.
It is contended that the sums paid or credited to the accounts of the beneficiaries came from the capital account of the estate; but this cannot be so, because the beneficiaries did not receive distributions of capital during 1928 or 1929; by the terms of the will, they were not to receive the capital for three years, but were to receive the income of the estate. It was the intention of the testator that the beneficiaries receive the income during the period of administration, and the executors were bound by this intention expressed in the will. Hence, any estate or inheritance taxes paid by the executors had to come out of the corpus of the estate.
In Esselstyn v. Commissioner, 26 B. T.A. 181, affirmed (C.C.A.) 65 F.2d 1015, certiorari denied Esselstyn v. Helvering, 290 U.S. 678, 54 S.Ct. 101, 78 L.Ed. 585, the will of the testator provided that the beneficiary should receive one-half of the net interest and income of the residuary estate. During administration of the estate, income was paid to the beneficiary, and the estate paid estate taxes to the federal government which the beneficiary sought to have deducted from his income tax payments. The Board of Tax Appeals said: "But does the fact that the fiduciary is entitled under the revenue acts to a deduction of estate tax for income-tax purposes necessarily affect or serve to reduce the distributable income to which the beneficiary is otherwise entitled and on which he is required to pay an income tax? We think not. Of course, in the instant case the payment of the estate tax reduced the residue or remainder from which income would be derived, but what we are concerned with is income which has been earned by the remainder or residue of the estate. As to this income, the will specifically provides that such income, after deducting all necessary and proper charges and expenses, shall be paid over to the beneficiaries named, one of whom was the petitioner's decedent. The Federal estate tax paid was not a charge or expense incident to the earning of the income which would be distributed, but was a tax imposed on the transfer of the estate and as such was a charge against the estate rather than a charge against the income which the will provided should be distributed to the beneficiaries."
The testator, Paul Brown, had been a partner in the firm of Paul Brown & Co. By the terms of the partnership agreement, his estate was continued as a partner for a period of two years after his death. Paul Brown died in November, 1927, and on January 21, 1929, the firm paid to the executors of the estate two sums of money: One, representing the estate's share to the income earned by the partnership for the year 1928; and the other, representing the interest of the estate on its capital investment in the firm for the year 1928. Similar sums were paid the estate in November, 1929, representing the estate's share of the income of the firm for the year 1929 and interest on its capital for that year.
The plaintiffs contend that the income of the estate from the partnership in 1928 cannot be considered income of the beneficiaries for that year because not actually paid to the estate until 1929; and that neither the income of 1928 or 1929 *217 can be considered income of the beneficiaries because it was not distributed to them. In these contentions they are in error. The income from the partnership for the year 1928 which was not received by the estate until 1929 must be considered income of the estate for 1928, in view of section 182 of the Revenue Act of 1928, 45 Stat. 840 (26 U.S.C.A. § 182 and note): "There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. If the taxable year of a partner is different from that of the partnership, the amount so included shall be based upon the income of the partnership for any taxable year of the partnership ending within his taxable year."
These sums received by the estate from the partnership were income belonging to the residuary estate, which, by the terms of the will, were to be distributed to the beneficiaries in monthly installments. It does not matter whether or not these sums were actually distributed. Revenue Act 1928, § 162 (26 U.S.C.A. § 162 and note).
In our opinion, the federal estate and state inheritance taxes paid by the executors were transfer taxes on the estate, and not charges on the income thereof, which income, by the express provisions of Paul Brown's will, was to be distributed monthly to the beneficiaries during administration of the estate. The plaintiffs either received or had credited to them the income on which they have been taxed. This tax was proper in accordance with the weight of authority. Abell v. Tait (C.C.A.) 30 F. 2d 54; Anderson v. Wilson, 289 U.S. 20, 53 S.Ct. 417, 77 L.Ed. 1004; Baltzell v. Mitchell (C.C.A.) 3 F.2d 428; Jackson v. Price (C.C.A.) 74 F.2d 707; Letts v. Commissioner (C.C.A.) 84 F.2d 760, and McNaghten v. United States (Ct.Cl.) 17 F. Supp. 509.
Plaintiff's suggested findings of fact and conclusions of law are refused.
In cases numbered 11703, 11704, 11705, 11706, and 11707, defendant's suggested findings of fact numbered 1 to 10, inclusive, and finding of fact numbered 11, as modified by the court, and conclusions of law lettered d to r, inclusive, are adopted by the court; and that portion of the suggested finding of fact numbered 11 which is therein stricken by the court, and conclusions of law lettered a to c, inclusive, are refused by the court.
In cases numbered 11476 and 11477, defendant's suggested findings of fact numbered 1 to 10, inclusive, and finding of fact numbered 11, as modified by the court, and conclusions of law lettered d to t, inclusive, are adopted by the court; and that portion of the suggested finding of fact numbered 11 which is therein stricken by the court, and conclusions of law lettered a to c, inclusive, are refused by the court.
In case No. 11475, defendant's suggested findings of fact numbered 1 to 11, inclusive, and conclusions of law lettered d to q, inclusive, and s to u, inclusive, are adopted by the court; and conclusions of law lettered a, b, c, and r, are refused by the court.
In cases numbered 11478 and 11479, defendant's suggested findings of fact numbered 1 to 10, inclusive, and finding of fact numbered 11, as modified by the court, and conclusions of law lettered d to t, inclusive, are adopted by the court; and that portion of the suggested finding of fact numbered 11 which is therein stricken by the court, and conclusions of law lettered a, b, c, and u, are refused by the court.
Plaintiffs' motion for judgment tendered at the close of the case is overruled.
Defendant's motion for judgment tendered at the close of the case is sustained.
Let judgment be entered accordingly.
Exceptions are allowed the respective parties to all adverse rulings herein made.