## DANNER v. UNITED STATES.

### No. 11143.

Circuit Court of Appeals, Eighth Circuit.

Nov. 18, 1938.

**44**

W. D. Kearney, of Marshalltown, Iowa (V. F. Sieverding, of Grundy Center, Iowa, on the brief), for appellant.

Walter R. Hutchinson, Asst. U. S. Atty., of Cedar Rapids, Iowa (Edward G. Dunn, U. S. Atty., of Mason City, Iowa, Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before SANBORN, THOMAS, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This was an action brought by plaintiff, Wanda Danner, as beneficiary of a war risk insurance policy issued to her brother, Harold John.

The action was commenced in July, 1936. Later, an amended and substituted petition was filed alleging that Harold John was enlisted in the United States Army October 11, 1917, and discharged on May 14, 1919; that he died June 10, 1920; that premiums on his war risk insurance policy were paid to and including May, 1919; that total permanent disability occurred while the insurance was in force and continued to the death of insured.

Claim was filed by plaintiff in June, 1931, and H. L. McCoy, Director of Insurance, advised plaintiff by letter dated June 10, 1935, that the claim had been denied by a decision of the Insurance Claims Council; that application for review on appeal to the Administrator of Veterans' Affairs could be filed within one year, and that if no appeal was taken, the denial of her claim would be final.

An Appeal to said Administrator was filed on April 17, 1936, and additional evidence submitted. A supplemental decision was rendered by the Insurance Claims Council affirming its original action and a letter dated July 10, 1936, written "For the Administrator" advised plaintiff that this decision, approved July 10, 1936, by the Board of Veterans' Appeals, constituted final administrative denial of the claim.

Defendant demurred to plaintiff's complaint on the ground that the cause of action was barred, at the time suit was instituted, by the reservations contained in Section 19 of the World War Veterans' Act of 1924, as amended July 3, 1930. The lower Court sustained the demurrer and dismissed plaintiff's action.

Section 19 of the World War Veterans' Act, 1924, as amended July 3, 1930, 46 Stat. 992, 38 U.S.C.A. § 445, reads as follows:

"In the event of disagreement as to claim * * * under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act [July 3, 1930], whichever is the later date * * *: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, that this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. * * * No State or other statute of limitations shall be applicable to suits filed under this section.

"* * * the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director. * * *"

On January 28, 1935, the following amendment to said Section 19 was passed, 49 Stat. 1, 38 U.S.C.A. § 445c:

"Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That a denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall

constitute a disagreement for the purposes of section 19 of the World War Veterans' Act, 1924, as amended (U.S.C.Supp. VII, Title 38, sec. 445). This resolution is made effective as of July 3, 1930, and shall apply to all suits now pending against the United States under the provisions of section 19 of the World War Veterans' Act, 1924, as amended, and any suit which has been dismissed solely on the ground that a denial as described in this resolution did not constitute a disagreement as defined by section 19 may be reinstated within three months from the date of enactment of this resolution."

A further amendment to Section 19 of the World War Veterans' Act, 1924, was passed June 29, 1936, 49 Stat. 2034, 38 U.S.C.A. § 445d, and reads as follows:

"That in addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit. This Act is made effective as of July 3, 1930, and shall apply to all suits now pending against the United States under the provisions of section 19, World War Veterans' Act, 1924, as amended; and any suit which has been dismissed solely on the ground that the period for filing suit has elapsed but where in the extension of the period for filing suit as prescribed herein would have permitted such suit to have been heard and determined may be reinstated within ninety days from the date of enactment of this Act: Provided, That on and after the date of enactment of this Act, notice of denial of the claim under a contract of insurance by the Administrator of Veterans' Affairs or someone acting in his name shall be by registered mail directed to the claimant's last address of record: Provided further, That the term 'denial of the claim' means the denial of the claim after consideration of its merits."

The Veterans' Administration Regulation No. 3204, as amended September 4, 1934, reads as follows:

"Appeal from Decision by Insurance Claims Council.—Where the insurance claims council finds that permanent and total disability does not exist as alleged, such denial shall be final. (However, a veteran or his authorized representative shall have the right to file an application for review on appeal to the Administrator of Veterans' Affairs within one year from the date of mailing of notice of the decision of the insurance claims council. Any new and material evidence must be submitted within a period of one year or prior to the consideration of the appeal. Such appeal must be in writing and otherwise comply with the regulations governing appeals to the Administrator. An application for review on appeal filed with the activity which entered the denial which is postmarked prior to the expiration of the one year period will be accepted as having been filed within the time limit.)"

The lower Court held that the suit was not brought within the time limited in Section 19 of the World War Veterans' Act, 1924, as amended; that the Veterans' Administration Regulation, above quoted, providing that an appeal might be taken within one year after denial of the claim by the Insurance Claims Council could not change the provisions of the Statute; that the Sovereign's Consent to be sued must be strictly construed and cannot be varied by any other authority than Congress itself.

Appellant contends that although a disagreement is necessary under Section 19 of the World War Veterans' Act before suit can be brought, nevertheless such disagreement does not start the running of the Statute of Limitations; that a claimant has 90 days after denial of his claim by the Administrator of Veterans' Affairs, or someone acting in his name, within which to bring suit.

Appellant further contends that the fact that Section 19, as amended, authorized the bringing of suit upon the denial of the claim by the Insurance Claims Council has nothing to do with the extension of the period within which suit might be brought.

Appellant further contends that the 1936 Amendment to the World War Veterans' Act, Sec. 445d, Title 38 U.S.C.A., provides that the term "denial of claim" means the denial of the claim after consideration of the claim on its merits, and that this certainly means to include the additional evidence submitted on appeal from the decision of the Insurance Claims

Council to the Administrator of Veterans' Affairs.

Appellant cites the case of Howard v. United States, 6 Cir., 97 F.2d 987, decided June 29, 1938, which held that the 1935 amendment to the World War Veterans' Act, Sec. 19, Sec. 445c, Title 38 U.S.C.A., did not cut off the right of claimant to appeal to the Administrator after his claim had been denied by a subordinate body within the Administration, but it gave him an option: (1) of instituting suit in the District Court immediately after the Insurance Claims Council had denied his claim; or (2) of appealing his case to the Administrator, and if that decision was adverse, of then instituting suit in the District Court; that the Statute of Limitations is suspended during the whole period that the claim is held in the Veterans' Administration.

See, also, United States v. Bollman, 8 Cir., 73 F.2d 133; United States v. Phillips, 7 Cir., 92 F.2d 849.

We follow the opinion[1] in the Howard Case, cited supra, and agree with its conclusion that "the limitation was suspended during the whole period that the claim was held in the Veterans' Administration". [page 989.]

It follows that the judgment of dismissal was erroneous. The same is reversed and the cause remanded for further proceedings not inconsistent herewith.

---

[1] See Bright v. State of Arkansas, 8 Cir., 249 F. 950, 952; Hennepin County, Minn. v. M. W. Savage Factories, 8 Cir., 83 F.2d 453, 456; Sherman & Son v. Corin, 1 Cir., 73 F.2d 468, 470.