**UNITED STATES v. BLOSSER et al.**
(two cases).

Nos. 11363, 11364.

Circuit Court of Appeals, Eighth Circuit.
June 1, 1939.

L. W. Post, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Maurice M. Milligan, U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., on the brief) for appellant.

Forest P. Tralles, of St. Louis, Mo. (Fred J. Hoffmeister, of St. Louis, Mo., and Alfred N. Gossett and Roy K. Dietrich, both of Kansas City, Mo., on the brief), for appellees.

Before SANBORN and THOMAS, Circuit Judges, and SULLIVAN, District Judge.

SANBORN, Circuit Judge.

The executors of the estate of Georgia B. Blosser, who died in 1931, brought these actions to recover alleged overpayments of her income taxes for the years 1928 and 1929. No. 11,363 relates to the taxes for 1928, and No. 11,364 to those for 1929. The cases were tried together to the court upon an agreed statement of facts. From judgments in favor of the plaintiffs, the Government has appealed. Since a determination of the case relating to the taxes for the year 1928 will rule both cases, it is necessary in this opinion to refer only to that case.

The taxpayer was one of six residuary legatees under the will of her father, Paul Brown, a resident of St. Louis, Missouri, a member of the brokerage firm of Paul Brown & Company, who died on November 18, 1927, leaving an estate of more than fourteen million dollars. His surviving partners, as they were privileged to do under the partnership agreement, elected to continue the business of the firm for a period of two years, and the estate of Paul Brown was, during that period, a limited or special partner entitled to share in profits of the firm and to receive interest on the amount of the estate's investment in the firm.

Paul Brown made his last will on September 17, 1927, and added a codicil on September 19, 1927. By the terms of the will, the residue of the estate was to be

equally divided among six legatees, namely: Inez Hereford Brown, his wife; Julia Radford, Georgia Pauline Blosser (the taxpayer) and Nellie Perkins Keller, his daughters; Pauline W. Caldwell, a granddaughter; and Mercantile Trust Company, as trustee under a trust created by the will for the children of Paul Brown, Jr., a deceased son. The will directed that all inheritance and estate taxes assessed against this trust should be paid from the principal of the trust estate. The codicil of September 19, 1927, provided for the retention by the executors of the residue of the entire estate for the period of three years from the death of the testator, at the end of which time distribution was to be made to the residuary legatees named in the will. During the three-year period, the codicil gave to the executors "the same powers and authority, with reference to control, management, and disposition" that were "given unto the Trustee in the trust created for the benefit of the children of Paul Brown, Jr." The executors were directed to pay over the net income and revenue received by them from the property and securities in their hands until the final settlement of the estate to the residuary legatees named in the will "in the same proportions and the same manner as therein provided, in as nearly equal monthly installments as possible; the payments to begin on the fifteenth day of the second month after my [the testator's] death."

The executors of the estate during the year 1928 were: Inez Hereford Brown, widow of the decedent; George A. Radford, a surviving partner of the partnership of Paul Brown & Company and husband of Julia B. Radford, a daughter of the deceased; Albert M. Keller, a surviving partner of the partnership of Paul Brown & Company and husband of Nellie P. Keller, a daughter of the deceased; Mercantile-Commerce Bank and Trust Company (formerly Mercantile Trust Company), the trustee, under the will of Paul Brown, for the children of Paul Brown, Jr.

The net income from the residuary estate for the year 1928 was $681,520.91. It included $88,564.32 due the estate from the firm of Paul Brown & Company for the year 1928 on account of profits and interest on invested capital. This amount was not actually paid to the executors until January 21, 1929. The executors paid out in the year 1928 State inheritance and Federal estate taxes amounting to $894,415.58. Upon their books they credit-

ed income received by the estate to Income Account, and debited payments made for inheritance and estate taxes to Capital Account. They charged against income, commissions for their services, and the balance of the income for the year 1928 was distributed to the residuary legatees in accordance with the terms of the codicil.

The taxpayer's share of the net income of the estate for the year 1928 amounted to $105,924.32. In computing her income tax for the year 1928 this amount was included.

In the fiduciary return for the year 1928 filed by the executors, they returned as income distributed to the beneficiaries under the will of Paul Brown the entire net income of the residuary estate for 1928, including the amount due from the partnership which was received in 1929. The residuary legatees in their individual. returns for the year 1928 included their shares of the total net income of the residuary estate. Upon the theory that what the taxpayer received from the estate in 1928 was not taxable income and that her share of the amount due the estate from the firm of Paul Brown & Company in 1928, not paid until 1929, should not in any event have been included in taxable income, she filed a claim for refund, and, upon its denial, this action (No. 11,363) was brought to recover her alleged overpayment.

Reduced to their simplest terms, the questions presented are:

1. Did what the taxpayer received from the executors of the estate of Paul Brown as her share of the net income of the residuary estate for the year 1928 constitute part of her taxable income for that year?

2. Did her share of the amount due the estate from the partnership in 1928, which was paid in 1929, constitute income taxable to her in 1928?

The contention of the executors of the taxpayer is that the estate of Paul Brown in 1928 had no net income whatsoever, since inheritance and estate taxes paid were chargeable against income and were in excess of the income of the estate, so that what she actually received from the executors was not a distribution of income, but a distribution of a portion of the corpus of the estate. They also contend that the share of the profits of the partnership due in 1928, but not paid until.

1929, was no part of the taxpayer's income for the year 1928.

Both of these contentions have been ruled upon adversely by other courts in actions brought by other beneficiaries under this same will to recover alleged overpayments of income taxes for the same years which are involved in these cases. In Brown v. United States, 21 F.Supp. 214, Judge Davis, of the United States District Court of the Eastern District of Missouri, ruled in favor of the Government in an action brought by five beneficiaries to recover income taxes for the years 1928 and 1929 upon the same grounds. Judge Davis held that the will clearly disclosed an intent on the part of the testator that all estate and inheritance taxes should be paid by the executors out of corpus, and that the net income from the residuary estate prior to the distribution of the corpus, should be paid to the residuary legatees as provided in the codicil. He also held that income from the partnership for the year 1928, although not received by the estate or by the beneficiaries until 1929, was to be treated, for tax purposes, as income received in 1928, in view of § 182 of the Revenue Act of 1928 (45 Stat. 791, 840, 26 U.S.C. § 182, 26 U.S.C.A. § 182), which required the inclusion of the distributive share of a partner in his net income, although not actually received by him during the taxable year; and that, since by the terms of the will of Paul Brown all income of the residuary estate belonged and was distributable to the beneficiaries, the share of the partnership income due the estate for the year 1928 was properly credited to them for that year, under § 162 of the Revenue Act of 1928 (45 Stat. 791, 838, 26 U.S.C. § 162, 26 U.S.C.A. § 162), although not then actually received by them. The United States Circuit Court of Appeals for the Seventh Circuit has recently decided a similar case, brought on behalf of another beneficiary, involving the same will and the same state of facts, Caldwell v. United States, 102 F.2d 607, and has reached the same conclusions.

It is apparent to us that in the court below the controlling questions of law were not adequately urged or argued at the trial of the cases now before us. It is evident that the Government was then contending that, during the years in question, the estate was not in the process of administration within the meaning and intent of § 162(c) of the Revenue Act of 1928, and Article 863 of Regulations 74, and could have been fully settled in the year 1928, and that therefore the executors were to be regarded not as executors but as trustees who were bound to disburse all income to the beneficiaries. The court below properly held that the estate was in process of administration during the years 1928 and 1929. The Government no longer places any reliance upon the suggestion that the estate was not in process of settlement and that the executors were to be treated as trustees and not as what they were.

It is the duty of courts to lean toward uniformity of decision, and this Court would not be justified in refusing to follow the decision of the Seventh Circuit in Caldwell v. United States, supra, unless satisfied that it was clearly erroneous. Bright v. State of Arkansas, 8 Cir., 249 F. 950, 952; Hennepin County, Minn. v. M. W. Savage Factories, 8 Cir., 83 F.2d 453, 456; Sherman & Son v. Corin, 1 Cir., 73 F.2d 468, 470; Danner v. United States, 8 Cir., 100 F.2d 43, 46.

We entertain no doubt of the correctness of the conclusion reached by Judge Davis in the case of Brown v. United States, supra, and by the Seventh Circuit in Caldwell v. United States, supra. To again discuss the questions of law considered and decided by those courts would be useless repetition. It seems as clear to us as it did to the courts which decided those cases that, by the terms of the will of Paul Brown, what the residuary legatees received in 1928 and 1929 was not corpus of the estate, but was income, and that inheritance taxes and estate taxes were paid by the executors, as directed by the testator, out of corpus. That conclusion is supported by the practical construction placed upon the will by the executors themselves during the years in question.

The judgments are reversed and the cases remanded with directions to enter judgments for the United States.